Zimmerman, J.,
likewise dissenting, stated:
“It seems incongruous indeed that a trust may be valid giving the trustee title to and a vested interest in the trust property and yet the settlor’s widow, upon electing not to take under his will, may be accorded the right by judicial fiat to claim a ‘distributive share’ of the trust .property under the statutes of descent and distribution.”
It is our purpose now to state the law as we conceive it to be as to the case before us, and, so far as the Bolles and Harris cases are inconsistent therewith, they will be overruled.
"Where, as here,, a settlor transfers, assigns and sets over to a trustee title to property owned by him in proceeding to create a trust inter vivos, the interest therein passes immediately to the trustee, and the trust is consummated even though the trust instrument reserves to the settlor the income for life, an absolute power to revoke the trust in whole or in part and the right to control investments and further to modify the trust in any respect. Where the remainder over at his death is to be *502 held for the benefit of his wife for life and later to be distributed to his heirs in the manner shown in the instrument here under consideration, there is created, at the instant of creation of the trust, a vested equitable interest in the remaindermen subject to defeasance in whole or in part by the exercise of the power to revoke or modify. First National Bank of Cincinnati, Exr., v. Tenney, 165 Ohio St., 513, 138 N. E. (2d), 15.
It is asserted that the trust was not executed in conformity to the laws applicable to wills, that it is colorable and illusory, and, because of the reserved powers, that the trust constitutes nothing more than an agency.
If a settlor by his declaration shows that he does not intend that the trust shall be created and exist until his death, even though the trust property and the beneficiaries are ascertained prior to his death, the disposition is testamentary. “On the other hand, if by his declaration the settlor creates a trust during his lifetime, the mere fact that the enjoyment of the interest of the beneficiary is postponed until the death of the settlor, and the fact that the settlor reserves power to revoke or modify the trust, does not make it testamentary.” 1 Scott on Trusts (2 Ed.), 441, 442, Section 56.6.
The facts here established are that "Walter B. Smyth was a greater Cleveland businessman and, nearing the age of retirement, decided to establish this trust. He advised his wife of his decision, and she accompanied him to The Cleveland Trust Company to make arrangements. The wife testified that “he wanted to fix things so that I wouldn’t have any bother and trouble about it.”
The trust was created in 1949, five years before the settlor’s death, and, by its terms, became' effective upon the transfer of property, as evidenced by the terms employed in item 1, to wit:
“I * * * have this day * * * conveyed * * * unto The Cleveland Trust Company * * * trustee, the property described * * *, to be held, managed and controlled by The Cleveland Trust Company, as trustee upon the trusts and for the uses and purposes hereinafter set forth * *
After the initial delivery of property to the trustee, later additions to the trust were made, in at least one of which the *503 wife joined in a conveyance of real estate which was conveyed to the trustee.
Apart from the provisions for the wife in the trust, as stated before, at the time of settlor’s death his estate was appraised at $2,385, and, in addition thereto, he also left joint and survivor bank accounts in the sum of $18,826.06, United States savings bonds having a value of $8,370.50, and life insurance in the sum of $10,551.91, all of which aggregated $37,748.47 and became the sole property of the wife.
Under these facts we need no borrowed light to find that the disposition was not testamentary in character. The death of the settlor was not a condition precedent to the vesting of interests. Nor can it be said that the trust was “deceiving or tending to deceive, ’ ’ nor was it ‘ ‘ fallacious. ” No fraud is involved here. Certainly the powers reserved to revoke or modify coupled with the right to the income for life do not make it so. Nor can the trust be said to be a mere agency. The transfer of title to the property and the powers given to the trustee come well within the boundaries of a valid trust without the indicia of an ágency.
With respect to the problem of agency, we have given consideration not merely to the extent of the powers reserved by the settlor but also to the nature of the instrument, which includes the disposition of the property to be made on the settlor’s death. The instrument is a formal document, and the danger of fraud is minimum. There is clearly sufficient evidence here. Its contents leave no uncertainty as to the settlor’s intent. See Adams v. Fleck, supra, at pages 457, 458; 1 Scott on Trusts (2 Ed., 1960 Supp.), 450, Section 57.2.
We reject the rule of the Bolles and Harris cases, to the effect that, if a settlor reserves to himself the income during life, with the right to amend or revoke the trust or any part thereof, such reserved rights and powers defeat the parting with dominion over the trust property and thereby create a right in the widow to assert “her right to a distributive share of the property in such [trust] at settlor’s death.” Neither the statute (Section 1335.01, Revised Code, supra) nor the general rule recognized as existing in the majority of courts of last resort and stated in the Restatement of the Law, supra, justifies *504 the continued recognition in this state of the rule enunciated in the Bolles and Harris cases.
The judgment, so far as it is inconsistent with this opinion, is reversed, and, otherwise, it is affirmed.

Judgment affirmed in part and reversed in part.

Zimmerman, acting C. J., Taet, Matthias, Bell and O’Neill, JJ., concur.
Zimmerman, J., sitting in the place and stead of Weygandt, C. J.
Doyle, J., of the Ninth Appellate District, sitting by designation in the place and stead of Zimmerman, J.